## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM O. REED, M.D.,

        Plaintiff,

v.                                              Case No.  05-cv-02153-CM-DJW

PHILLIP ROY FINANCIAL
SERVICES, LLC, et al.,

        Defendants.

### **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration and Motion for Default Judgment (doc. 10).  More specifically, Plaintiff requests the Court (1) reconsider its decision to grant the motion for extension of time to answer filed by Defendant Phillip Roy Financial Services; and (2) enter a judgment of default against such Defendant.  For the reasons stated below, Plaintiff's Motion for Reconsideration will be denied and, as a result, the Court finds moot that portion of the motion requesting a default judgment.

### **Procedural Background**

On May 19, 2005, Plaintiff served a copy of the summons and Complaint upon Defendant Phillip Roy Financial Services, making an answer or other response due from this Defendant no later than June 8, 2005.  In early June, Plaintiff's counsel and Defendant's counsel in Florida agreed to extend the answer deadline to June 29, 2005, provided Defendant's counsel would answer on behalf of Phillip Roy and Defendant Phillip R. Wasserman, the principle of Phillip Roy.  This agreement  was made informally between counsel and no pleading was filed with the Court.

On June 30, 2005, Defendant Phillip Roy Financial Services filed a formal motion for extension of time to file its answer.  Although the motion was initially denied on procedural grounds, an amended motion

ultimately was granted on July 5, 2005. Defendant Phillip Roy Financial Services then filed its Answer on July 6, 2005. On August 16, 2005, a Motion to Transfer Case was filed on behalf of both Defendant Phillip Roy Financial and Defendant Phillip Wasserman.

Based on the fact that defense counsel failed to enter an appearance on behalf of Defendant Wasserman on or before June 29, 2005 as promised, Plaintiff now requests the Court reconsider its decision giving Defendant Phillip Roy Financial Services permission to file its answer out of time. In support of this request, Plaintiff argues Defendant Phillip Roy Financial Services failed to provide facts demonstrating the excusable neglect necessary to permit an act to occur after the deadline has elapsed.

### **Legal Standard**

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[2]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[3] Nor is a motion to reconsider to be used as "a second chance when a party

---

[1] D. Kan. Rule 7.3. The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[2] *Brumark*, 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *Servants*, 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 664 (D.Kan. 2004).

has failed to present its strongest case in the first instance." Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[4]

## Discussion

In his Motion for Reconsideration, Plaintiff argues that the Court erred in granting Defendant Phillip Roy Financial Services' motion to answer out of time in that this Defendant failed to provide facts demonstrating the excusable neglect necessary to permit an act to occur after a deadline has elapsed. The Court disagrees.

Under Fed. R. Civ. P. 6(b), a defendant must show "excusable neglect" for failing to file an answer before the original deadline. The United States Supreme Court discussed the meaning of "excusable neglect" in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*.[5] To determine whether neglect is "excusable," the Court must take account of all relevant circumstances surrounding a party's delay, including (1) the danger of prejudice to the other party or parties, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether the movant acted in good faith.[6]

**A.   Danger of Prejudice**

---

[4]*Servants*, 204 F.3d at 1012; *Sonnino,* 221 F.R.D. at 664.

[5]507 U.S. 380, 395 (1993).

[6]*Id.* Although Pioneer involved the Bankruptcy Act, courts apply those same standards in the Rule 6(b) context. *See, e.g., Outley v. Coca Cola Enterprises, Inc.*, No. 97-2056-GTV, 1998 WL 118070, at \*1 (D. Kan. Mar.11, 1998); *Blissett v. Casey*, 969 F.Supp. 118, 123 (N.D.N.Y.1997).

Plaintiff argues he has been prejudiced (1) through delays in moving this matter forward; and (2) through additional costs associated with attempting service on Phillip R. Wasserman. The Court is not persuaded that Plaintiff has been prejudiced. Defendant filed its answer 49 days after being served with the Complaint by Plaintiff, a time period that actually is 11 days sooner than the 60 days contemplated by the waiver of service provisions within Fed. R. Civ. P. 4(d). Plaintiff only recently answered Defendant's counterclaim; thus, the notice of scheduling conference has not yet been issued and the scheduling order has not yet been put in place. There simply is no evidence that this matter has been delayed.

**B.     Length of Delay**

There was a seven-day delay between the June 29, 2005 agreed-upon answer date and the July 6, 2005 actual answer date. The Court finds this seven-day period is an insignificant delay given the circumstances presented, and thus the delay should not be a controlling factor.

**C.     Reason for Delay/Good Faith**

Counsel for Defendant asserts that communication issues between Florida and local counsel, as well as the press of business contributed to the failure to timely file an answer. Based on this assertion, the Court finds the delay was entirely within the control of Defendant's counsel. On the other hand, and as discussed *supra*, Defendant's delay will cause no prejudice to Plaintiff and no material delay of the proceedings. Likewise, the Court has no reason to believe that Defendant or its attorneys acted in bad faith.

Based on this discussion, the Court holds it did not err in finding that the unique circumstances presented in support of Defendant's request to file its answer out of time sufficiently meets the excusable neglect standard. Accordingly, it is hereby ordered that

Plaintiff's Motion for Reconsideration (doc. 10) is denied and, because this decision renders Defendant Phillip Roy's answer timely, the Court finds moot that portion of Plaintiff's motion that requests entry of default.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 29th day of August, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties