IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM O. REED, M.D.,

      Plaintiff,

v.                                        Case No.  05-cv-02153-CM-DJW

PHILLIP ROY FINANCIAL
SERVICES, LLC, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Transfer Venue to the Middle District of Florida (doc. 15). Plaintiff opposes the Motion. For the reasons set forth below, Defendants' Motion to Transfer will be denied.

### Relevant Factual and Procedural Background

Plaintiff William O. Reed, Jr., M.D. ("Plaintiff") brings this action against Defendants Phillip Roy Financial Services LLC ("Phillip Roy") and Phillip R. Wasserman ("Wasserman") seeking recovery of unpaid lease payments and other contract damages under an aircraft lease between Plaintiff and Phillip Roy. Plaintiff also seeks to enforce a personal guaranty of the lease obligations given by Wasserman. There is a clause in both the underlying lease agreement and the guaranty agreement selecting Kansas as the forum for any resulting litigation.

After the original Complaint was filed, Defendants/Third-Party Plaintiffs Phillip Roy and Wasserman asserted third-party claims against Third-Party Defendants Russell Dise ("Dise") and Mark Jones ("Jones"). Dise and Jones work for JetLease, an aircraft broker. In the third-party Complaint, Phillip Roy and Wasserman assert Dise and Jones fraudulently induced Phillip Roy and Wasserman to enter into the subject aircraft lease and guaranty. Thus, the third-party Complaint

alleges that, to the extent Phillip Roy and Wasserman are liable to Plaintiff, Dise and Jones are, in turn, liable to Phillip Roy and Wasserman.

Plaintiff is a resident of Kansas and Defendant Phillip Roy is a Delaware limited liability company with its principal place of business in Florida. Wasserman is a resident of Florida. Both Dise and Jones are residents of Florida.

## Legal Standard for a Motion to Transfer

A motion to transfer to a more convenient forum is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness.[2] The court should consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[3]

---

[1] 28 U.S.C. § 1404(a).

[2] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

[3] *Chrysler Credit Corp.*, 928 F.2d at 1516 (quotation omitted).

The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient.[4] Notably, the plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in favor of the movant.[5]

## Analysis

Although technically the balancing of the section 1404(a) factors listed above remains unchanged when there also exists a forum selection clause, the United States Supreme Court specifically has noted that "the presence of a forum selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's analysis" under section 1404(a). Therefore, the forum selection clause should be considered as a significant factor among the other applicable factors.

The forum selection clause here requires "all actions arising out of th[e] lease [to] be commenced and litigated only in the United States District Court for the District of Kansas." Moreover, the United States District Court for the District of Kansas is the forum chosen by Plaintiff, the parties to the contract agreed that the agreement was formed in Kansas and is to be construed and performed under Kansas law, there are numerous witnesses in both Kansas and Florida, and relevant documents can be found in both Kansas and Florida. Although keeping the case in Kansas likely will result in some level of inconvenience to Phillip Roy and Wasserman – as well as third-party Defendants – down the line, such inconvenience simply is insufficient to counterbalance the significant weight of Plaintiff's choice of venue in conjunction with the valid and enforceable forum selection clause. Thus, the 1404(a) balancing test weighs against transfer to Florida.

---

[4] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992).

[5] *Id.*

Defendants' Motion to Transfer Venue to the Middle District of Florida (doc. 15) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of December, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties