## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WILLIAM O. REED, JR., M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2153-CM** |
| | ) | |
| **PHILLIP ROY FINANCIAL SERVICES,** | ) | |
| **LLC, PHILLIP WASSERMAN,** | ) | |
| | ) | |
| **Defendants/Third-Party Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RUSSELL DISE and MARK JONES,** | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff William O. Reed, Jr., M.D. brings this action against defendant Phillip Roy Financial

Services, LLC ("Phillip Roy") seeking recovery of unpaid lease payments, as well as other contract

damages, under an aircraft lease between plaintiff and defendant Phillip Roy.  Plaintiff Reed also seeks to

enforce a personal guaranty of the lease obligations given by defendant Phillip Wasserman, the president of

Phillip Roy.  Both the underlying lease agreement and the guaranty agreement include forum selection

clauses which designate Kansas as the forum for subsequent litigation.

Defendants and third-party plaintiffs Phillip Roy and Wasserman brought third-party claims against

third-party defendants Russell Dise and Mark Jones, d/b/a JetLease of Palm Beach, Inc. ("JetLease"), for

fraudulent inducement and breach of fiduciary duty.  Dise and Jones are both employed by JetLease, an

aircraft broker whose primary business is the sale, lease, and financing of aircraft.  In addition to being

employed by JetLease, Dise is JetLease's president and a JetLease shareholder.   Defendant Phillip Roy

also brought a counterclaim against plaintiff Reed for breach of contract, and Phillip Roy and Wasserman

brought a joint counterclaim against plaintiff Reed for fraudulent inducement.

      This case is before the court on a motion to dismiss for lack of personal jurisdiction and failure to

state a claim for which relief can be granted, filed jointly by third-party defendants Dise and Jones (Doc.

28).  Phillip Roy and Wasserman also request leave to amend their third-party complaint to allow a claim

against JetLease if the court grants Dise and Jones's motion to dismiss.  The court grants third-party

defendants Dise and Jones's motion to dismiss for the reasons set forth below.  At this time, the court will

not grant the request to amend the third-party complaint, as the court lacks the information to determine

whether the court could assert personal jurisdiction over JetLease.  Phillip Roy and Wasserman should file

a properly supported motion to amend if they seek to add JetLease as a party to this action.

**A.  Standard for Ruling on a Motion to Dismiss for Lack of Personal Jurisdiction**

      A plaintiff bears the burden of establishing personal jurisdiction over a defendant.  *Fed. Deposit

Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  In order to demonstrate

personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie

showing that jurisdiction exists.[1]  *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524

(10th Cir. 1987).  In ascertaining the facts necessary to establish jurisdiction, the court must accept as true

---

[1]  Eventually, of course, a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial.  *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id*. The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

Whether this court has personal jurisdiction over a moving nonresident defendant is determined by the law of Kansas, as it represents "the law of the forum state." *Yarbrough v. Elmer Bunker & Assocs.,* 669 F.2d 614, 616 (10th Cir. 1982); *see also* Fed. R. Civ. P. 4(e). In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court applies a two-part test. First, it determines if the defendant's conduct falls within one of the provisions of the Kansas long-arm statute. Second, it determines whether the defendant had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir. 1990).

Under the Kansas long-arm statute, a nonresident submits to the jurisdiction of the State of Kansas as to any cause of action arising from the "[t]ransaction of any business" within Kansas. Kan. Stat. Ann. § 60-308(b)(1).

> "Business" is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires. The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state.

*Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987). "The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state."

*Anderson v. Heartland Oil & Gas, Inc.*, 819 P.2d 1192, 1199 (Kan. 1991) (citation omitted).  For

jurisdiction to exist under subsection (b)(1) of § 60-308, there must be a nexus between the transaction of

business and the alleged claim.  *Kluin v. Am. Suzuki Motor Corp.,* 56 P.3d 829, 835 (Kan. 2002).

Section 60-308(b)(2) provides that any person submits to the jurisdiction of the Kansas courts "as

to any cause of action arising from . . . [the] commission of a tortious act within this state."  Kan. Stat. Ann.

§ 60-308(b)(2).  Kansas courts have found that Kansas's long-arm jurisdiction is properly invoked under §

60-308(b)(2) where a plaintiff alleges the commission of tortious activity outside the State of Kansas that

causes injury within the State of Kansas.  *Ling v. Jan's Liquors*, 703 P.2d 731, 734 (Kan. 1985)

("Although [the defendant] has never done business in Kansas, [its] conduct allegedly caused injury . . . in

Kansas and, therefore, the alleged tort is deemed to have occurred in Kansas"); *Dazey Corp. v. Wolfman*,

948 F. Supp. 969, 973 (D. Kan. 1996) (construing Kan. Stat. Ann. § 60-308(b)(2)).

The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted

by due process.  *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th

Cir. 1994) (citing *Volt*, 740 P.2d at 1092).  Under the due process analysis, the "constitutional touchstone"

is "whether the defendant purposely established 'minimum contacts' in the forum state."  *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

316 (1945)).  The plaintiff can establish that the defendant has sufficient "minimum contacts" with the forum

state in two ways.  General jurisdiction exists when a "defendant's contacts with the forum state are so

'continuous and systematic' that the state may exercise personal jurisdiction," even when the claims are

unrelated to the defendant's contacts with the forum state.  *Trierweiler v. Croxton & Trench Holding*

*Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (citation omitted).  Specific jurisdiction exists when a

defendant purposely avails himself of the privilege of conducting activities within the forum state – thereby invoking the benefits and protections of the state's laws – and the claims against him arise out of those contacts. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996). The purposeful availment requirement ensures that a defendant will not be sued in a foreign jurisdiction solely as a result of the unilateral activity of another party. *Burger King*, 471 U.S. at 475.

Consistent with due process, specific jurisdiction may be conferred over a nonresident defendant where the court's exercise of jurisdiction directly arises from a defendant's forum-related activities. To determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, the court must then consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987). This inquiry requires a determination of whether a district court's "exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. *Pro Axess, Inc. v. Orlux Distrib'n, Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005) (quotation omitted).

**B.  Analysis**

The court concludes that third-party plaintiffs Phillip Roy and Wasserman have not met their burden of making a prima facie showing that third-party defendants Dise and Jones are subject to the jurisdiction of this court. Giving the advantage of all disputed facts to Phillip Roy and Wasserman, the facts are as follows.

Third-party plaintiffs Phillip Roy and Wasserman state in their pleadings that jurisdiction is proper because Dise and Jones did business in Kansas.  Dise and Jones acknowledge that they did act as a broker between Florida residents Wasserman – an individual – and Phillip Roy –  a limited liability corporation with its principal place of business in Florida – and a Kansas resident, Reed, in the underlying lease transaction. Phillip Roy and Wasserman allege that while acting as a broker for the parties, Dise and Jones had three types of business-related contacts with Kansas: (1) transmitting payments from Phillip Roy to plaintiff Reed; (2) making phone calls to plaintiff Reed; and (3) transmitting documents to plaintiff Reed.  They argue that these contacts constitute the transaction of business because they were made with the intent to earn money and improve Dise and Jones's economic condition.

The Kansas Long Arm statute, Kan. Stat. Ann. § 60-308(b)(1), requires that the cause of action arise out of the transaction of business.  The alleged actions of Dise and Jones in making phone calls, sending documents, and transmitting payments are insufficient to support personal jurisdiction over Dise and Jones because the cause of action against them did not arise out of the transactions in question.  First, the transmission of payments from Phillip Roy to Reed apparently would have taken place after the contract had been entered into, not before, and therefore the claim of fraudulent inducement cannot arise out of these contacts.  Second, Phillip Roy and Wasserman do not allege that their claims against Dise and Jones arose from the phone calls and transmission of documents from Dise and Jones to plaintiff Reed in Kansas. The complaint alleges that Dise and Jones misrepresented and omitted information to Phillip Roy and Wasserman.  There is no indication in the pleadings that any misrepresentations or omissions to Phillip Roy and Wasserman occurred in Kansas or that Phillip Roy and Wasserman and Dise and Jones ever communicated with each other in Kansas.

Phillip Roy and Wasserman also argue that jurisdiction is proper because Dise and Jones committed a tortious act in Kansas within the meaning of Kan. Stat. Ann. § 60-6308(b)(2).  As noted previously, the Kansas Long Arm statute provides that a nonresident submits to jurisdiction as to any cause of action arising from the commission of a tortious act within the state.  Kan. Stat. Ann. § 60-308(b)(2). The Kansas Supreme Court has recognized that it is possible to bring suit in Kansas to recover damages for injuries occurring in the state.  *Ling*, 703 P.2d at 734.  But here, there is no indication that the alleged tortious conduct occurred in Kansas or that the resulting injury occurred in Kansas.

Phillip Roy and Wasserman allege that (1) Dise and Jones fraudulently assured them that aircraft inspections had been done, and (2) Dise and Jones failed to disclose that JetLease was not a Florida company or authorized to do business in Florida or in Ohio, where its other address was located.  Phillip Roy and Wasserman claim that the false statements induced them to enter into the underlying airplane lease agreement.  They do not allege that any of this conduct occurred in Kansas.      Phillip Roy and Wasserman alternately suggest that the tort which forms the basis for jurisdiction was Dise and Jones telling plaintiff Reed in Kansas that the aircraft inspections had been done.  They further assert that they are injured by the fraudulent inducement to contract to the extent that they are liable to plaintiff Reed in the underlying action. The court rejects these arguments because Phillip Roy and Wasserman cannot use any injury plaintiff Reed may have sustained in Kansas as a basis for jurisdiction.  Courts may only exercise jurisdiction under Kan. Stat. Ann. § 60-308(b)(2) when the complaining party was injured in Kansas.  *See Nat'l Gypsum Co. v. Dalemark Indus., Inc.*, 779 F. Supp. 147, 149 (D. Kan. 1991) (interpreting *Volt Delta Resources, Inc.*, 740 P.2d at 1092.  And Phillip Roy and Wasserman did not personally suffer injury in Kansas because

economic injuries are sustained where a plaintiff resides. *Worthington v. Small*, 46 F. Supp. 2d 1126, 1131 (D. Kan. 1999).  Any injuries that Phillip Roy and Wasserman have sustained are in Florida.

Even if the contacts were business transactions within the meaning of the Kansas Long Arm statute, or if jurisdiction were supported under § 60-308(b)(2), Dise and Jones lack the minimum contacts with Kansas to put them on notice that they could be haled into court by Phillip Roy and Wasserman in Kansas. *See World-Wide Volkswagen Corp.*, 444 U.S. at 297 (holding that the defendant must have such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there").  Moreover, telephone calls and mail to the forum state do not automatically provide the minimum contacts that due process requires. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418-19 (10th Cir. 1988).  The nature of the phone calls and letters is critical, *id.*, and the court finds that the nature of the contacts here do not suggest that Dise and Jones "purposefully availed [themselves] of the privilege of conducting activities within [Kansas]." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  The court finds that exercise of personal jurisdiction over Dise and Jones would not be reasonable. *See Pro Axess, Inc.*, 428 F.3d at 1279.

For the reasons set forth above, the court finds that Phillip Roy and Wasserman have failed to make a prima facie showing that personal jurisdiction exists.  The court cannot exercise personal jurisdiction over Dise and Jones because there is no basis for jurisdiction under the Kansas Long Arm statute.  Even if there were, the court could not constitutionally exercise personal jurisdiction over Dise and Jones because they lack minimum contacts with Kansas.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 28) is granted.

Dated this 9th day of May 2006, at Kansas City, Kansas.


                                         **s/ Carlos Murguia**
                                         **CARLOS MURGUIA**
                                         **United States District Judge**