## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM O. REED, M.D.,

        Plaintiff,

v.                             Case No.  05-cv-02153-CM-DJW

PHILLIP ROY FINANCIAL
SERVICES, LLC, et al.,

        Defendants.

### **MEMORANDUM AND ORDER**

Pending before the Court is Defendant Phillip Roy Financial Services' Motion to File an Amended Third-Party Complaint (doc. 83) against JetLease of Palm Beach, Inc.  Also pending before the Court is Defendants' Unopposed Motion to Amend the Scheduling Order (doc. 87).  For the reasons stated below, both Motions will be granted.

Plaintiff William O. Reed, Jr., M.D. brings this action against Defendant Phillip Roy Financial Services, LLC ("Phillip Roy") seeking recovery of unpaid lease payments, as well as other contract damages, under an aircraft lease between Plaintiff and Defendant Phillip Roy. Plaintiff Reed also seeks to enforce a personal guaranty of the lease obligations given by defendant Phillip Wasserman, the president of Phillip Roy.

After the case was filed, Defendants Phillip Roy and Wasserman brought third-party claims against Russell Dise and Mark Jones, d/b/a JetLease of Palm Beach, Inc. ("JetLease"), for fraudulent inducement and breach of fiduciary duty in connection with the aircraft lease.  Dise and Jones are both employed by JetLease, an aircraft broker whose primary business is the sale, lease, and

financing of aircraft. In addition to being employed by JetLease, Dise is JetLease's president and a JetLease shareholder.

In lieu of answering, Dise and Jones filed a Motion to Dismiss for lack of personal jurisdiction.  Defendants Phillip Roy and Wasserman filed a pleading in opposition to this Motion to Dismiss, within which they requested leave to add JetLease as a Third-Party Defendant if the Court granted Dise and Jones' Motion to Dismiss.

The Court granted Dise and Jones' Motion to Dismiss (doc. 79) but, due to insufficient information regarding whether the Court could assert personal jurisdiction over JetLease, ultimately declined to rule on Defendants' request to amend the Third-Party Complaint.  The Court noted, however, that Phillip Roy and Wasserman would be permitted to file a properly supported motion to amend if they wanted to add JetLease as a Third-Party Defendant.  As a result of this directive, Phillip Roy and Wasserman filed this Motion to Amend their Third-Party Complaint to add JetLease as a Third-Party Defendant.  Plaintiff, the only other party in this matter at this time, opposes the motion on the grounds that it is untimely and will be prejudicial.

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Subsequent amendments are allowed by leave of court or written consent of the adverse party.  Rule 15(a) requires that leave to amend "be freely given when justice so requires." Whether leave should be granted is within the trial court's discretion.[1] The Court should deny leave to amend only when it finds undue delay, undue prejudice to the

---

[1]Fed. R. Civ. P. 15(a); *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.[2]

Here, Plaintiff asks the Court to deny Defendants leave to amend on grounds of undue delay and undue prejudice. The Court rejects both arguments. By way of background, Dise and Jones were named as parties because Defendants believed JetLease was a sham corporation not authorized to do business in Florida. When Dise and Jones moved to dismiss on the basis of lack of personal jurisdiction, Defendants timely responded with a request to amend the complaint if the Motion to Dismiss was granted. The Court finds Defendants have not been dilatory.

Moreover, the Court finds the addition of JetLease will not unduly prejudice Plaintiff. The depositions of Dise and Jones have already been taken and there were never any discussions that any other employee or agent of JetLease would need to be deposed. And, as Plaintiff states in his brief, the parties already have agreed to extend discovery if the Court is so inclined. In addition, there is no evidence of bad faith, dilatory motive, or failure to cure deficiencies by amendments previously allowed.

With regard to futility as it pertains to personal jurisdiction, there has been no objection to the Motion on these grounds and, even if Plaintiff had so objected, the Court would not deny leave to amend on this basis. Signficantly, personal jurisdiction is a personal defense that may not be

---

[2]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

raised by one party on behalf of another party.[3]  This is because personal jurisdiction over a party may be asserted or may be waived by that party.[4]

For the foregoing reasons, it is hereby ordered that

- Defendant's Motion for Leave to Amend Third-Party Complaint (doc. 83) is granted and Defendant shall electronically file and serve the Amended Third-Party Complaint on or before August 1, 2006;

- Defendants' Unopposed Motion to Amend Scheduling Order (doc. 87) is granted to the extent that

  - the July 20, 2006 deadline to submit the proposed pretrial order is vacated;

  - the July 24, 2006 pretrial conference is canceled until further notice; and

  - the August 11, 2006 dispositive motion deadline is vacated.

- A telephone status conference will be scheduled after an Answer or other responsive pleading has been filed by the prospective Third-Party Defendant.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of July, 2006.

---

[3]*Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) ("the court may not *sua sponte* consider defects in personal jurisdiction on behalf of parties who may choose to waive the defects or subject themselves to the court's jurisdiction in any event.").

[4]Fed.R.Civ.P. 12(h)(1). Unlike subject matter jurisdiction, personal jurisdiction may be acquired in a number of ways, including voluntary appearance. For example, a defendant who files a responsive pleading, but who does not object to the personal jurisdiction of the court, has, in effect, consented to the court's jurisdiction.

4

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:      All counsel and *pro se* parties