IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM O. REED, JR., M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PHILLIP ROY FINANCIAL SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendant/Counterclaimant/ ) | CIVIL ACTION |
| Third-Party Plaintiff, ) | |
| ) | No. 05-2153-CM |
| and ) | |
| ) | |
| PHILLIP WASSERMAN, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| JETLEASE OF PALM BEACH, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff William O. Reed, Jr., M.D. brings this action against defendant Phillip Roy Financial Services, LLC ("Phillip Roy") seeking recovery of unpaid lease payments, as well as other contract damages, under an aircraft lease between plaintiff and defendant Phillip Roy. Defendant and third-party plaintiff Phillip Roy brought a third-party claim against third-party defendant JetLease of Palm Beach, Inc. ("JetLease") for fraudulent inducement and breach of fiduciary duty. JetLease is an aircraft broker whose primary business is the sale, lease, and financing of aircraft. JetLease acted as a broker between Phillip Roy and plaintiff Reed in the underlying lease transaction.

This case is before the court on a motion to dismiss for lack of personal jurisdiction and failure to state a claim for which relief can be granted filed by third-party defendant JetLease (Doc. 96). The court previously considered a similar motion filed by JetLease's employees, who were also third-party defendants to this action. The court dismissed the claim against the employees for lack of personal jurisdiction, finding insufficient contacts between the employees and Kansas to satisfy the Kansas long-arm statute or constitutional due process requirements. The court grants JetLease's motion to dismiss for the reasons set forth below, which are similar to the reasons the court dismissed the claims against JetLease's employees.

**A. Standard for Ruling on a Motion to Dismiss for Lack of Personal Jurisdiction**

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In order to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id.* The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

Whether this court has personal jurisdiction over a moving nonresident is determined by the

law of Kansas, as it represents "the law of the forum state." *Yarbrough v. Elmer Bunker & Assocs.*, 669 F.2d 614, 616 (10th Cir. 1982). In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court applies a two-part test. First, it determines whether the defendant's conduct falls within one of the provisions of the Kansas long-arm statute. Second, it determines whether the defendant had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990). Under the Kansas long-arm statute, a nonresident submits to the jurisdiction of the State of Kansas as to any cause of action arising from the "[t]ransaction of any business" within Kansas. Kan. Stat. Ann. § 60-308(b)(1).

> "Business" is transacted within the state when an individual is within or enters this state in person or by agent, and through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and satisfy his desires. The transaction of business exists when the nonresident purposely does some act or consummates some transaction in the forum state.

*Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987). For jurisdiction to exist under subsection (b)(1) of § 60-308, there must be a nexus between the transaction of business and the alleged claim. *Kluin v. Am. Suzuki Motor Corp.*, 56 P.3d 829, 835 (Kan. 2002).

Section 60-308(b)(5) provides that any person submits to the jurisdiction of the Kansas courts "as to any cause of action arising from . . . entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state." Kan. Stat. Ann. § 60-308(b)(5). Contracts which require payments to be made to Kansas residents meet the requirements of § 60-308(b)(5). *See e.g., Univ. Premium Acceptance Corp. v. Oxford Bank & Trust*, 277 F. Supp. 2d 1120, 1126 (D. Kan. 2003) (citing *Cont'l Am. Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1312 (10th Cir. 1982).

The court construes the Kansas long-arm statute liberally to allow jurisdiction to the full

extent permitted by due process. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt*, 740 P.2d at 1092). Under the due process analysis, the "constitutional touchstone" is "whether the defendant purposely established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff can establish that the defendant has sufficient "minimum contacts" with the forum state in two ways. General jurisdiction exists when a "defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction," even when the claims are unrelated to the defendant's contacts with the forum state. *Trierweiler v. Croston & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (citation omitted). Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state—thereby invoking the benefits and protections of the state's laws—and the claims against him arise out of those contacts. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996). The purposeful availment requirement ensures that a defendant will not be sued in a foreign jurisdiction solely as a result of the unilateral activity of another party. *Burger King*, 471 U.S. at 475.

Consistent with due process, specific jurisdiction may be conferred over a nonresident defendant where the court's exercise of jurisdiction directly arises from a defendant's forum-related activities. To determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, the court must then consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987). This inquiry requires a determination of

whether the district court's exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005) (quotation omitted).

## B. Analysis

The court concludes that third-party plaintiff Phillip Roy has not made a prima facie showing that third-party defendant JetLease is subject to the jurisdiction of this court. Many of the facts Phillip Roy alleges in its amended third-party complaint are the same as the facts it alleged in its third-party complaint against JetLease's employees. In granting the employees' motion to dismiss, the court found the facts insufficient to establish the contacts necessary for personal jurisdiction under either the Kansas long-arm statute or the constitutional due process standard. The contacts remain insufficient. And although Phillip Roy has added allegations against JetLease, the new allegations do not bring JetLease under this court's jurisdiction.

Phillip Roy alleges that JetLease (1) conducted business in Kansas, and (2) entered into a contract with a resident of Kansas—plaintiff Reed—that was to be performed, in part, in Kansas. Both parties acknowledge that JetLease acted as a broker between Florida resident Phillip Roy and Kansas resident Reed in the underlying lease transaction. Phillip Roy alleges that prior to and during the negotiations for the aircraft lease, JetLease had multiple contacts with Reed in Kansas. Specifically, Phillip Roy alleges that JetLease: (1) dealt with Reed prior to the negotiation of this lease by negotiating a prior lease for Reed's airplane with another lessee; (2) transmitted funds to Reed, both before and after the lease with Phillip Roy was signed; (3) communicated with Reed via phone calls and emails regarding the lease; (4) transmitted documents to Reed; and (5) entered into an oral contract with Reed establishing how Reed would receive Phillip Roy's payments from JetLease and remit a portion of each lease payment to JetLease.

The Kansas long-arm statute, Kan. Stat. Ann. § 60-308(b)(1) and (b)(5), requires that the cause of action arise out of the contacts with Kansas, whether the contact is transacting business or entering into a contract. Phillip Roy's causes of action against JetLease include charges of fraudulent inducement and breach of fiduciary duty—Phillip Roy claims that JetLease misrepresented and omitted information in communications with Phillip Roy. JetLease's alleged actions are insufficient to support personal jurisdiction over JetLease because the cause of action against it did not arise out of the transactions in question.

First, JetLease's negotiations with Reed and a different lessee have nothing to do with Phillip Roy. The cause of action could not have arisen from that transaction.

Second, JetLease's transmittal of funds does not give rise to Phillip Roy's claims of fraudulent inducement or breach of fiduciary duty because the alleged misrepresentations or omissions to Phillip Roy could not have occurred from payments being made directly to Reed in Kansas. Phillip Roy contends that but for JetLease's transmittal of a security deposit to Reed in Kansas, Reed would not have entered into the contested lease. But this fact is irrelevant to whether Jetlease fraudulently induced Phillip Roy into signing the lease.

Third, Phillip Roy's cause of action could not have arisen out of JetLease's telephone and email communications with Reed, or its transmittal of documents to Reed in Kansas because Phillip Roy was not a party to any of these transactions. Phillip Roy could not have received misrepresentations or omissions from JetLease in communications in which Phillip Roy was not included. And there is no indication in the pleadings that any misrepresentations or omissions to Phillip Roy occurred in Kansas or that Phillip Roy and JetLease ever communicated with each other in Kansas.

Finally, JetLease's oral contract with Reed establishing how JetLease's payments would be

made could not have given rise to Phillip Roy's cause of action. The pleadings do not indicate that Phillip Roy was harmed by this transaction or that the misrepresentation occurred as a result of the oral contract. For all of these reasons, the alleged contacts fail to meet the requirements of the Kansas long-arm statute.

The court also finds that JetLease lacks the minimum contacts with Kansas to put it on notice that it could be haled into court by Phillip Roy in Kansas. *See World-Wide Volkswagen Corp.*, 444 U.S. at 297 (holding that the defendant must have such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there"). Telephone calls and mail to the forum state do not automatically provide the minimum contacts that due process requires. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418–19 (10th Cir. 1988). The nature of the phone calls and letters is critical, *id.*, and the court finds that the nature of the contacts here do not suggest the JetLease "purposely availed [itself] of the privilege of conducting activities within [Kansas]." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The final inquiry for determining the existence of personal jurisdiction under the due process clause is whether it would offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The court considers "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI*, 149 F.3d at 1095 (quoting *Asahi*, 480 U.S. at 113). If these factors are strong, they may establish jurisdiction even though the minimum contacts are minor. *Id.*

With respect to the first factor, defendant JetLease resides in Florida and defending a suit in Kansas would undoubtedly burden it. The court recognizes, however, that "[d]efending a suit in a

foreign jurisdiction is not as burdensome as in the past." *Cont'l Am. Corp.,* 692 F.2d at 1314 (citing *Hanson v. Denckla*, 357 U.S. 235, 250–51 (1958)). Furthermore, the Supreme Court recognized that the interests of the plaintiff and the forum may be so strong that imposing jurisdiction causing "even serious burdens" to the defendant is justified. *OMI*, 149 F.3d at 1096 (quoting *Asahi*, 480 U.S. at 114). The court finds the first factor neutral in this case.

As for the second factor, Kansas does not have an interest in adjudicating the dispute because the alleged injury was not suffered by a Kansas resident. Nor did the alleged injury occur in Kansas. Factor two weighs in favor of not exercising jurisdiction.

The third factor—the plaintiff's interest in convenient and effective relief—also weighs against exercising personal jurisdiction in Kansas. Both third-party plaintiff, Phillip Roy, and third-party defendant, JetLease, reside in Florida, making Florida the most convenient forum for both parties. Even though Phillip Roy is engaged in litigation in Kansas, it would not be most efficient for it to litigate its claims against JetLease in Kansas because most of the evidence regarding its claims would presumably be located in Florida, where the alleged acts occurred.

Analysis of the fourth factor is similar. The interstate judicial system's interest in preventing piecemeal litigation would not be offended because Phillip Roy's claim against JetLease claim is different from plaintiff Reed's claims against Phillip Roy.

The fifth factor, the states' interests in furthering fundamental substantive social policies, refers to the effect exercising jurisdiction will have on the social policies of other states. *Id.* at 1098. There is no indication that failing to exercise personal jurisdiction over JetLease in Kansas will have any effect on another state's social policies.

For the reasons set forth above, the court finds that Phillip Roy has failed to make a prima facie showing that personal jurisdiction exists. The court cannot exercise personal jurisdiction over

-8-

JetLease because there is no basis for jurisdiction under the Kansas long-arm statute.  And the court cannot constitutionally exercise personal jurisdiction over JetLease because the company lacks minimum contacts with Kansas and because doing so may offend "traditional notions of fair play and substantial justice."

**IT IS THEREFORE ORDERED** that third-party defendant JetLease's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 96) is granted.

Dated this 7th day of December 2006, at Kansas City, Kansas.

                                                 **s/ Carlos Murguia**
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**