**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

WILLIAM O. REED, M.D.,

      Plaintiff,

v.                                       Case No.  05-2153-JAR-DJW

PHILLIP ROY FINANCIAL
SERVICES, LLC, et al.,

      Defendants.

**O R D E R**

Pending before the Court is the Motion to Compel (doc. 120) filed by Defendants Phillip Roy Financial Services LLC and Phillip Wasserman ("Defendants").  More specifically, Defendants request the Court compel Plaintiff to respond to Defendants' second interrogatories. Plaintiff has not filed a pleading in response to Defendants' Motion.

In support of their Motion to Compel, Defendants state as follows:

- On March 1, 2007, Defendants served their Second Interrogatories upon Plaintiff;
- Responses to these interrogatories were due on April 2, 2007; and
- Despite reasonable efforts to confer with Plaintiff with regard to these interrogatories, no responses have been received from Plaintiff.

Inasmuch as Plaintiff did not oppose this Motion, the Court grants the Motion to Compel as uncontested pursuant to D.Kan. Rule 7.4.  Plaintiff will be ordered to serve answers to Defendants' Second Interrogatories on or before June 1, 2007.  Because Plaintiff failed to serve any timely objections to Defendants' Second Interrogatories, all objections are deemed waived. In other words, no objections to the Interrogatories shall be asserted by Plaintiff.

Defendants request, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), that they be awarded the reasonable attorney fees and expenses incurred in connection with this motion.  Under that rule, the award of fees and expenses is mandatory, unless certain exceptions apply.  The Rule provides in pertinent part:  "If the motion [to compel discovery] is granted . . . the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[1]

As Plaintiff has not filed any response to the Motion to Compel, the Court cannot find that any of the stated exceptions apply here.  The Court notes that it is not required to hold a hearing before imposing these sanctions.  Although the Court must afford the party an "opportunity to be heard,"[2] the Court may consider the issue of sanctions "on written submissions."[3]  Here, Defendants expressly requested in their motion that they be awarded expenses and attorney fees.  Although Plaintiff did not file a brief in response to the request for sanctions, he had the opportunity to do so.

---

[1] Fed.R.Civ.P. 37(a)(4)(A) (emphasis added).

[2] *Id.*

[3] *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 622 (D. Kan. 2005) (citing Fed. R. Civ. P. 37(a)(4)).

The Court therefore finds that Plaintiff has had sufficient "opportunity to be heard" within the meaning of Fed.R.Civ.P. 37(a)(4).[4]

In light of the above, the Court will grant Defendants' request for expenses and fees. To aid the Court is determining the proper amount of the award, Defendants' counsel will be ordered to file an affidavit itemizing the expenses and attorney fees that Defendants have incurred in bringing this Motion to Compel. Plaintiff shall have the opportunity to respond to the affidavit. Thereafter, the Court will issue an order specifying the amount of the sanctions and the time of payment.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel (doc. 120) is granted, and Plaintiff is hereby ordered to serve answers to Defendants' Second Interrogatories on or before **June 11, 2007**. No objections to the Interrogatories shall be asserted by Plaintiff.

IT IS FURTHER ORDERED that Defendants' request for expenses and fees is granted and Defendants' counsel shall file, by **June 8, 2007**, an affidavit itemizing the expenses and attorney fees incurred in bringing this Motion to Compel. Plaintiff shall have until **June 15, 2007** to file a response to this affidavit

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of May, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties

---

[4] *Id.* (stating that the "written submission" requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response).

3