kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM O. REED, JR., MD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PHILLIP ROY FINANCIAL ) | Case No. 05-2153-JAR |
| SERVICES, LLC and PHILLIP ) | |
| WASSERMAN, ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

The Court now considers plaintiff William O. Reed's Statement of Attorney's Fees and Costs (Doc. 190), defendants Phillip Wasserman and Phillip Roy Financial Services, LLC's ("PRFS") Motion to Alter or Amend Judgment (Doc.191), and plaintiff's Motion to for Leave to File Plaintiff's Motion to Alter or Amend Judgment out of Time (Doc. 194). PRFS and Wasserman have filed a response challenging plaintiff's fees and costs. For reasons stated below, the Court finds that a five percent reduction in plaintiff's attorney's fees and $1,065.36 reduction in costs is appropriate. The Court also grants in part PRFS and Wasserman's motion to amend, and denies plaintiff's motion for leave to file a motion to amend.

**Attorney's Fees and Costs (Doc. 190)**

Paragraph 11.1(d) of the lease agreement between the parties provides that lessor can recover from lessee "all out-of-pocket expenses and other costs incurred by Lessor in enforcing his rights under this Lease, including, without limitation, reasonable attorneys fees, paralegal expenses and court costs, including any legal expenses incurred prior to the filing of any lawsuit against Lessee and all costs of appeal." Plaintiff provides an itemized list of costs and a

complete listing of the charges incurred throughout this litigation, for total attorney's fees in the amount of $67,057.40, and costs totaling $9,181.30, for a total of $76,238.70.

When awarding attorney's fees based on contract, the Court's role is different than when awarding reasonable fees under a fee shifting statute.[1] In a contractual-based award of attorney's fees, the Court does not hold the equitable power it does when fashioning an award based on a statute.[2] The Court's inquiry is whether the award would be inequitable or unreasonable.[3] If the Court finds the fee unreasonable or inequitable, the Court may reduce the fee.[4] When making its determination, the Court may utilize the same factors used in making a statutory determination, not to make a decision, but to assist in the decision.[5] Under Kansas law, the Court should consider Rule 1.5 of the Model Rules of Professional Conduct.[6] Those factors include,

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8)

---

[1] *475342 Alberta Ltd. v. Starfire*, Case No. 95-2083-GTV, 1997 WL 457697, at *1 (D. Kan. July 31, 1997) (citing *United States ex rel. C.J.C., Inc. v. W. States Mechanical Contractors, Inc.*, 834 F.2d 1533, 1547-49 (10th Cir. 1987)).

[2] *W. States*, 834 F.2d at 1548 (citing *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

[3] *Id.* at 1549.

[4] *Id.*

[5] *Id.* at 1550.

[6] *City of Wichita v. BG Prods., Inc.*, 845 P.2d 649, 654 (Kan. 1993).

2

whether the fee is fixed or contingent.[7]

In this case, defendants take issue with the fourth factor; the amount involved and the results obtained. Defendants argue that plaintiff's counsel has requested fees for a claim that was withdrawn at trial and therefore, plaintiff did not obtain a favorable result on that issue. Defendants also request a ten percent reduction in the total balance because the fees were billed in quarter-hour increments and because items on the bill are poorly documented. And finally, defendants seek a reduction in the total amount, claiming that the time spent traveling was excessive.

Plaintiff counters that even though the claim based on damage to the aircraft was voluntarily dismissed, the work and time spent on the issue was relevant to defenses raised by defendant throughout the trial. In addition, plaintiff argues, the deposition of defendants' expert was relevant to evidentiary issues before the Court. The Court agrees with plaintiff, as issues regarding damage to the plane persisted throughout this litigation from both sides. Both parties accused the other of damaging the plane. Defendants also intended to use an expert witness to discuss certain damage to the plane as not only an affirmative defense, but to prove their claims that plaintiff breached the agreement by providing a defective plane. As such, the Court finds plaintiff's request for attorney's fees on the issue of damage to the plane reasonable even though plaintiff withdrew that claim.[8]

As to the ten percent reduction for billing in quarter-hour increments, the Court finds defendants' ten percent request excessive. Even though certain items on plaintiff's billing

---

[7] *Id.* (quoting M.R.P.C. 1.5).

[8] *See Ellsworth v. Tuttle*, 148 F. App'x 653, 674-75 (10th Cir. 2005) (explaining that fees based on fraud claim distinguishable from contract claims may still be recoverable when they have a core set of facts).

3

statement may be questionable for entirely different reasons, the Court is convinced that a five percent reduction, rather than a ten percent reduction, is warranted because of certain tasks billed at .25 hours.  For instance, plaintiff's billing statement shows that it took .25 hours to electronically file documents with the Court, to conduct phone calls, and to respond to e-mails.  Some days, plaintiff's attorney spent less than an hour on the case or spent time doing medial work such as reviewing the docket.  The Court finds that .25 hours for electronically filing documents is excessive, especially because the Court routinely files documents throughout the day and no single filing takes much more than five minutes to accomplish.  Additionally, plaintiff's billing statement shows a day in which plaintiff worked 20.25 hours, which is probably erroneous considering there are 24 hours in a day.  Based on the overstatement of time for filing documents, as well as the overstatement of billing on that particular day, the Court finds that a five percent reduction is appropriate.[9]

     Finally, defendants argue that the costs should be reduced because they are not reasonable in light of the contract provision.  Defendants argue that costs should be reduced to those costs under 28 U.S.C. § 1920.  Plaintiff, however cites to the contract provision that provides that lessor may recover "without limitation, reasonable attorneys fees, paralegal expenses and court costs . . . ."  The Court reads the language "without limitation" to mean that costs should not be limited by any language outside the lease agreement.  Reviewing the costs associated with taking the deposition of Lloyd Curtis, Heath Benjamin, and West Star Aviation, the Court finds those costs quite reasonable, especially because Curtis charged defendants $1000

---

[9]*See Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, Nos. 06-15262, 07-10167, 2008 WL 612672, at *7 (11th Cir. March 7, 2008) (reducing attorney's fees by fifteen percent was appropriate because a number of lawyers worked on the same issues, and because most of the time was billed in half-hour increments).

per day for consulting services. Defendants also challenge the costs associated with service of process, mediation costs, Lexis Nexis legal research, and the investigative fee, which total $1,065.36. Plaintiff has not provided any documentary evidence to substantiate those costs; accordingly, it will be subtracted from the total recovery of fees and costs. In sum, reducing the total fees by five percent yields $63,704.53 and subtracting $1,065.36, the sum of attorney's fees and cost are plaintiff is $62,639.17

**Defendants' Motion to Alter or Amend Judgment (Doc. 191)**

"A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice."[10] Here, defendants argue the need to prevent manifest injustice.

Defendants state that the Court neglected to account for the initial $ 14,750.00 paid as a deposit to plaintiff pursuant to the lease agreement and that the Court failed to prorate the rent for the month of July. Plaintiff cites paragraph 3.2 of the lease agreement, which provides that lessor may use the security deposit to offset the damages incurred in case of breach. Defendants would like to apply the security deposit before the interest calculation, while plaintiff wants to apply it after the interest calculation.

Section 3.2 reads in part that "[s]hould Lessee fail to keep and perform any of the terms, covenants and conditions of this Lease . . . Lessor may appropriate and apply the entire Security Deposit . . . to compensate Lessor for loss or damage sustained . . . ." That language seems to

---

[10]*Guang Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2008 WL 1924948 at *2 (D. Kan. April 28, 2008) (citing *Burmark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

plainly indicate that the security deposit should be applied after the damages calculation. Thus, the Court will simply subtract that amount from the total damages awarded.

Defendants also take issue with the Court's calculation of damages for the entire month of July. Defendants are correct, and plaintiffs do not contest, that the damages for the month of July should be prorated. Therefore, damages should be recalculated as follows:

| | | |
|---|---|---:|
| Lease Payments: | $14,750.00 x 4 months (March through June) | $59,000.00 |
| Prorated Rent for July: | $14,750.00 ÷ 31 days x 7 days | $3,330.65 |
| Engine Reserve: | $220.00/Flight hour | $5,170.00 |
| Airframe Reserve: | $235/Flight hour | $5,522.50 |
| Late Fees: | $1,475.00 x 5 months | $7,375.00 |
| Lien at Dolphin Aviation: | | $2,156.96 |
| Sub Total: | | $82,555.11 |
| 15% annual interest from July 1, 2005 | | $38,906.65 |
| Sub Total | | $121,461.76 |
| Security Deposit (minus) | | $14,750.00 |
| **Total** | | **$106,711.76** |

**Plaintiff's Motion for Leave to File Motion to Alter or Amend(Doc. 194)**

Plaintiff moves for leave to file a motion to alter or amend the judgment. Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within ten days after entry of judgment. Plaintiff failed to file a motion to alter or amend within the time specified and now seeks leave of court to file such a motion. But Federal Rule of Civil Procedure 6(b)(2) states that a "court must not extend the time to act under Rules . . . 59(b), (d),

and (e) . . . ." And defendants are correct that the Tenth Circuit has routinely upheld this ban on extensions of time to file such motions.[11] As such, plaintiff's motion for leave is denied.

Where the motion is served after the ten day period, however, the motion is considered a motion for relief from final judgment under Rule 60(b).[12] Under Rule 60(b), a court may relieve a party from a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by opposing party; (4) the judgment is void . . . (6) any other reason that justifies relief.

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."[13] A party seeking relief from a judgment has a high burden because a Rule 60(b) motion is no substitute for an appeal.[14] Here, plaintiff's request is necessarily denied because he sets forth no grounds upon which the Court can act.

Plaintiff also seeks to correct the judgment order. Though plaintiff does not cite Rule 60(a), the Court notes that it "may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment . . . . The court may do so on motion or on its own, with or without notice."[15] In this instance, the Court omitted the fact that Wasserman completed a Lease Guaranty, unconditionally guaranteeing the performance of all of Lessee's

---

[11] *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006); *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000).

[12] *Allender*, 439 F.3d at 1242.

[13] *Id.*

[14] *Zurich No. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

[15] Fed. R. Civ. P. 60(a).

obligations under the lease and for reasonable attorney's fees resulting from any breach of the lease by Lessee. During trial the Lease Guaranty was offered and admitted into evidence. Therefore, the judgment order should be amended to state that PRFS and Wasserman are jointly and severally liable to Reed for breach of contract and for reasonable attorney's fees.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Statement of Attorney Fees and Cost (Doc. 190) is granted in part; Plaintiff is awarded attorney's fees and costs in the total amount of $62,639.17.

**IT IS FURTHER ORDERED** that PRFS and Wasserman's Motion to Alter or Amend Judgment (Doc. 191) is granted in part; PRFS is liable to Reed in the amount of $106,711.76.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Motion to Alter or Amend Judgment out of Time or Alternatively for Relief from Judgment (Doc. 194) is denied.

**IT IS FURTHER ORDERED** that the Judgment Order (Doc. 180) shall be amended to provide that PRFS and Wasserman are liable, jointly and severally, to Reed for breach of contract and for reasonable attorney's fees.

**IT IS SO ORDERED.**

Dated this 23rd day of June 2008

                                                  **S/ Julie A. Robinson**
                                                  **Julie A. Robinson**
                                                  **United States District Judge**

Memorandum and order in *Willaim O. Reed v. Phillip Roy Fin. Servs., LLC & Phillip Wasserman*, 05-2153-JAR